## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BETSY BERRY** *Plaintiff* | * * * | **CIVIL ACTION NO.:** |
| **VERSUS** | * * | **JUDGE:** |
| **SAM'S REAL ESTATE BUSINESS TRUST, WALMART INC. and "JOHN DOE"** | * * * * | **MAGISTRATE:** |
| *Defendants* | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants, Sam's Real Estate Business Trust and Walmart Inc. (hereinafter "Defendant" or "Walmart"), hereby gives notice and removes this case to the United States District Court for the Eastern District of Louisiana.

Defendant respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

Walmart was named as a defendant in an action commenced in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled "*Betsy Berry versus Sam's real Estate Business Trust, Walmart Inc. and 'John Doe'*" bearing the case number 849-442, Division J.[1]

---

[1] Exhibit A, Petition for Damages.

2.

Plaintiff commenced this action by filing this lawsuit in the Parish of Jefferson on December 4, 2023.[2]

3.

This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable as required by 28 U.S.C. § 1446(b). On April 9, 2024, Defendant received Plaintiff's Answers to Interrogatories and Requests for Production of Documents.[3]

4.

This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Eastern District of Louisiana has subject matter jurisdiction under 28 U.S.C. § 1332.

5.

The parties are completely diverse and the amount in controversy exceeds $75,000.

6.

There is complete diversity when the citizenship of each plaintiff is diverse from the citizenship of each defendant.

7.

Plaintiff, Betsy Berry, is a natural person domiciled in the State of Louisiana.

---

[2] Exhibit A, Petition for Damages.
[3] Exhibit B, Plaintiff's Answers to Interrogatories.

8.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. 1332(c)(1).

9.

Defendant, Sam's Real Estate Business Trust, is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

10.

The citizenship of a person sued under a fictitious name whose name and citizenship are unknown can be disregarded for purposes of determining diversity jurisdiction. *Kerr v. Target Corp.*, Civil Action No. 4:15cv13-RC-CMC, 2015 U.S. Dist. LEXIS 62116, at *11 (E.D. Tex. Apr. 14, 2015)(citing 28 U.S.C. § 1441(b); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001)). Therefore, John Doe may be disregarded for purposes of determining diversity jurisdiction.

11.

The Fifth Circuit has "...established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000)*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999);

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. *See* La. C.C.P. 893. Thus, the defendant may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

12.

It was alleged that on or about May 10, 2023, Plaintiff was a patron at Sam's Club Store No. 4775 located at 3900 Airline Highway, Metairie, Louisiana 70001.[4] Plaintiff was in curbside pickup spot six when John Doe employee asked if she wanted rotisseries chickens in the back or front of her vehicle.[5] John Doe handed the chickens to the petitioner, and she turned to put the chickens in the front of her vehicle and tripped on cement curbing.[6] Plaintiff allegedly suffered the following: past, present, and future medical expenses; past, present, and future mental anguish; past, present, and future pain and suffering; wage loss; loss of enjoyment of life; and loss of earning capacity.[7]

13.

It was not facially apparent from the original Petition for Damages that the amount in controversy exceeded $75,000, exclusive of interest and costs because the allegations of the Petition contained no specific description or details as to the severity or treatment of the injuries.

---

[4] Exhibit A, Petition for Damages.
[5] Exhibit A, Petition for Damages.
[6] Exhibit A, Petition for Damages.
[7] Exhibit A, Petition for Damages.

14.

Plaintiff has failed to include a La. C.C.P. art. 893(1) allegation of the lack of jurisdiction of federal courts due to insufficiency of damages or a general allegation that the claim exceeded or was less than the requisite amount for federal removal as is required by La. C.C.P. art. 893(1).

15.

Although no La. C.C.P. art. 893(1) allegation was included, Defense counsel propounded written discovery upon Plaintiff's counsel. On April 9, 2024, Defendant received Plaintiff's responses to discovery.[8] In Interrogatories sent to Plaintiff, Plaintiff was asked about amount in controversy in Interrogatory No. 22 which requested a response to whether the amount in dispute exceeded $50,000.00 and $75,000.00. **Plaintiff responded that the amount in controversy exceeds $75,000**.[9]

16.

Plaintiff replied in her Answers to Interrogatory No. 8 that Plaintiff received and continues to treat at the following medical facilities: Crescent City Orthopedics, Southern Brain and Spine, South Shore Physical Therapy, and Diagnostic Imaging Services.[10]

17.

As a general rule, when a plaintiff alleges a specific amount of damages, that amount controls. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 775–76 (W.D. Ky. 2002) citing *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

---

[8] Exhibit B, Plaintiff's Answers to Interrogatories.
[9] Exhibit B, Plaintiff's Answers to Interrogatories.
[10] Exhibit B, Plaintiff's Answers to Interrogatories.

18.

Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

19.

Defendant hereby removes this matter to the United States District Court for the Eastern District of Louisiana.

20.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

21.

Walmart reserves the right to submit additional evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

22.

By virtue of this Notice of Removal, Defendant does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law, including contesting jurisdiction and service.

**WHEREFORE,** Defendants, Sam's Real Estate Business Trust and Walmart Inc., pray that the above-described civil action now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from there to the United States District Court for the Eastern District of Louisiana and this action thereafter proceed in this Honorable Court. Defendant's undersigned counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**TREY M. WILLIAMS (#38937)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
Email: vmatherne@courington-law.com,
jmatherne@courington-law.com,
clozes@courington-law.com
twilliams@courington-law.com
***Attorneys for Defendants, Sam's Real Estate Business Trust and Walmart Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2024, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court by using the CM/ECF system. I also certify that I have forwarded a copy of this filing to counsel via facsimile and certified mail at the following addresses:

**ATTORNEYS FOR PLAINTIFF, BETSY BERRY**
Charbonnet Law Firm, L.L.C.
Desiree M. Charbonnet, #24051
Robert P. Charbonnet, Jr. #2,1523
Richard D. Roniger, II, #28984
James S. Rees, IV, #34720
501 Clearview Parkway
Metairie, Louisiana 70001
Telephone No: (504) 888-2227
Fax No. (504) 456-3469
Email: desi@charbonnetlawfirm.com

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**