UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETSY BERRY | * | CIVIL ACTION NO. 2:24-cv-01187 |
| _Plaintiff_ | * | |
| | * | JUDGE: |
| VERSUS | * | NANNETTE JOLIVETTE BROWN |
| | * | |
| SAM'S REAL ESTATE BUSINESS | * | MAGISTRATE: |
| TRUST, WALMART INC., and "JOHN | * | JANIS VAN MEERVELD |
| DOE" | * | |
| _Defendants_ | * | |
| | * | |

**********************************************************************

## <u>SUPPLEMENTAL AND AMENDING COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes complainant, BETSY BERRY,

who respectfully desires to supplement and amend her petition for damages as follows:

1.    By amending Paragraph I of her original Petition for Damages to state as follows:

I.

Made defendant herein are:

SAM'S REAL ESTATE BUSINESS TRUST, a foreign

corporation authorized to do and doing business in this Parish and

State;

WALMART INC., a foreign corporation authorized to do

and doing business in this Parish and State;

SAM'S EAST, INC., a foreign corporation authorized to do

and doing business in this Parish and State.

1

2.      By amending Paragraph III of her original Petition for Damages to state as follows:

III.

On or about May 10, 2023, BETSY BERRY was a patron at Metairie Sam's Club Store No. 4775, with said store being owned or operated by SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC. and being located at 3900 Airline Highway, Metairie, Louisiana 70001. Petitioner parked in curbside pickup spot #6. An employee, "JOHN DOE," asked petitioner if she wanted her rotisserie chickens in the back of her vehicle or front of her vehicle. Petitioner indicated she wanted them in the front of her vehicle, "JOHN DOE" then handed petitioner the chickens, petitioner turned to put the chickens in the front of her vehicle and tripped on a cement curbing, causing serious personal injuries. "JOHN DOE" helped petitioner get up from the ground.

3.      By amending Paragraph IV of her original Petition for Damages to state as follows:

IV.

At all material times mentioned herein, the premises and curbside pickup area located at Metairie Sam's Club Store No: 4775 as listed above was owned and maintained by SAM'S REAL

ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC.

4.    By amending Paragraph V of her original Petition for Damages to state as follows:

V.

At all material times mentioned herein, SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC. was responsible for maintaining the premises and curbside pickup area of said store described above in a safe and secure manner.

5.    By amending Paragraph VI of her original Petition for Damages to state as follows:

VI.

At all material times mentioned herein, the premises and curbside pickup area in question was in the care, custody, and control of SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC.

6.    By amending Paragraph VII of her original Petition for Damages to state as follows:

VII.

Petitioner avers that at all material times, that SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC. created the hazardous condition in the curbside pickup area and/or knew or should have known of the hazardous

condition of the premises at issue and are therefore liable unto petitioner for all damages caused as a result of this accident, and plaintiff requests that this Honorable Court apply the doctrine of *res ipsa loquitur* with respect to the hazard that existed in the curbside pickup area of Metairie Sam's Club Store No. 4775 on May 10, 2023.

7.    By amending Paragraph VIII of her original Petition for Damages to state as follows:

VIII.

Petitioner further alleges that the sole, proximate and/or contributing cause of the accident mentioned herein is the negligence of defendants, SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC., said acts of negligence consisting of, but not limited to the following, to wit:

a)    Permitting a dangerous condition to exist upon the premises at issue.

b)    Failing to properly maintain the curbside pickup area at 3900 Airline Highway, Metairie, Louisiana 70001 to make sure no hazardous or dangerous conditions existed on the premises.

c)    Failing to properly warn the store's patrons of the hazardous condition of the curbside pickup area which they created

4

and/or knew and/or should have known about existing in the curbside pickup area where plaintiff fell.

d)    Failing to properly train its employees in the proper and safe manner to load a vehicle to ensure a safe pickup for patrons while on the premises.

e)    Failing to properly train its employees in the proper and safe manner to ensure a safe walkway for patrons while on the premises.

f)    Failing to properly supervise and/or train its employees to inspect and maintain the premises free from defects or dangerous conditions.

g)    Creating a dangerous condition in the curbside pickup area at a time when customers would be walking in the curbside pickup area.

h)    Failing to take precautions necessary to create a safe environment.

i)    Failing to maintain the curbside pickup area in a safe condition.

j)    Failing to inspect the premises appropriately for dangers that may cause accidents in view of the number of visitors to the premises.

k)      Failing to adequately protect the personal safety of its pedestrian customers while in its curbside pickup area.

l)      Failing to warn visitors and guests of the potential hazards created by unsafe conditions in the curbside pickup area.

m)      Other acts of negligence which may be proven at the trial of this cause.

8.      By amending Paragraph X of her original Petition for Damages to state as follows:

X.

In the alternative, defendant, SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC. knew or should have known of the defective condition of the premises and curbside pickup area at issue and therefore are strictly liable unto petitioner for all damages caused as a result of this accident.

9.      By amending Paragraph XI of her original Petition for Damages to state as follows:

XI.

SAM'S REAL ESTATE BUSINESS TRUST and/or WALMART INC. and/or SAM'S EAST, INC. is liable unto petitioner for the actions of its employee through the doctrine of *respondeat superior*.

10.      Petitioner realleges and reavers each and every allegation set forth in her original petition.

WHEREFORE, complainant, BETSY BERRY, prays that this Supplemental and Amending Petition be filed as prayed, that the Supplemental and Amending Petition be served upon defendants, SAM'S REAL ESTATE BUSINESS TRUST, WALMART INC., "JOHN DOE," and SAM'S EAST, INC., along with a copy of the original petition, and after all due proceedings be had, that there be judgment in favor of complainant, BETSY BERRY, and against defendants, SAM'S REAL ESTATE BUSINESS TRUST, WALMART INC., "JOHN DOE," and SAM'S EAST, INC., jointly, individually and/or jointly and/or severally and/or in solido and/or any combination thereof, for such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand and for all costs of these proceedings.

Complainant further prays for leave of Court to file this Supplemental and Amending Petition.

Complainant further prays for all general and equitable relief.

Respectfully submitted:

*s/ Desirée M. Charbonnet*
**Charbonnet Law Firm, L.L.C.**
Desiree M. Charbonnet, #24051
Robert P. Charbonnet, Jr., #21523
Richard D. Roniger, II, #28984
James S. Rees, IV, #34720
501 Clearview Parkway
Metairie, Louisiana 70001
Telephone No: (504) 888-2227
Fax No. (504) 456-3469
Email: desi@charbonnetlawfirm.com

**SERVICE INSTRUCTIONS ON NEXT PAGE**

7

**PLEASE SERVE:**

SAM'S EAST, INC.
through its agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816